Argued June 23, affirmed July 26, reconsideration denied August 25, petition for review denied September 14, 1976

In the Matter of L.C.
STATE ex rel JUVENILE DEPARTMENT OF
POLK COUNTY AND L.C., *Respondents,*
*v.*
P.J.P., *Appellant.*
(No. J-2120, CA 5199)
552 P2d 584

See also 26 Or App 209, 552 P2d 586.

*Douglas B. Dawson,* Dallas, argued the cause and filed the brief for appellant.

*David L. Slader,* Metropolitan Public Defender, Child Advocacy Project, Portland, argued the cause and filed the brief for respondent L.C.

No appearance by respondent Juvenile Department.

[ 215 ]

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

**FOLEY, J.**

This termination proceeding was consolidated for trial with a petition for adoption in which the maternal grandmother and step-grandfather sought to adopt the child. Their petition was denied by the trial court and their appeal has been dismissed. The only case before this court is the termination proceeding.

After a hearing, the trial court terminated the parental rights of the mother to her two-year-old child. The mother appeals contending (1) that the statute setting forth the standard of proof in termination proceedings, ORS 419.525(2), deprives her of due process of law and (2) that the record and testimony do not support the grounds for termination alleged in the petition.

The constitutionality of the standard of proof required by ORS 419.525(2) has been decided adversely to the mother's contention in *State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578 (1976).

The mother's second assignment of error is the insufficiency of the evidence to support any of the three grounds for termination set forth in the petition for termination. *See* ORS 419.523.

Our review discloses that the child is now nearly three years old. The mother is 20. The child has been in foster care with the same family since it was four and one-half months old. The mother, from the time the child was placed in foster care at four and one-half months, has demonstrated instability and conduct which fully supports the termination ordered here. The mother moved at least nine times in an 18-month period and allowed herself to be controlled by a Gypsy Joker motorcycle gang for the first six months of 1974, during which time she worked in various massage parlors in Salem and Portland. She gave her earnings from this employment (up to $1,000 per month) to her current boyfriend. Her life style of irresponsibility and

transiency is demonstrated by the following, including an attack on a policeman a few days after the child was placed in foster care: She was convicted of carrying a concealed weapon in Tillamook and jailed for one month in February 1974. She hitchhiked to California and stayed for several months in the latter part of 1974. She appeared in Oregon again in November 1974 and in January 1975 she rejected an offer by Children's Services Division to stay the termination proceeding for a period of six months during which she could stabilize her life and eventually assume responsibility for the child's care.

We find the decree terminating the parental rights is amply supported by evidence that the mother has failed without reasonable and lawful cause to provide for the basic needs of the child for a period in excess of one year. ORS 419.523(3).

Affirmed.

**SCHWAB, C. J.,** specially concurring.

For the reasons stated in my specially concurring opinion in *State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578 (1976), I disagree with the majority on the burden-of-proof issue, but agree with the majority's result.